
RECEIVED
IN ALEXANDRIA, LA

APR 21 2006

ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| VINCENT A. SIMMONS<br>La. Doc. No. 85188 | CIVIL ACTION NO. 06-0463<br>SECTION P |
| VS. | |
| BURL CAIN, WARDEN | JUDGE LITTLE<br>MAGISTRATE JUDGE KIRK |

### REPORT AND RECOMMENDATION

Before the court is a petition for writ of *habeas corpus* (28 U.S.C. § 2254) filed on March 13, 2006. This petition was filed on behalf of Vincent A. Simmons by his attorney, Ms. Laurie A. White, Law Office of Laurie A. White and Associates, New Orleans, Louisiana. Petitioner is an inmate in the custody of the Louisiana Department of Corrections; he is incarcerated at the Louisiana State Penitentiary, Angola, Louisiana where he is serving consecutive fifty year sentences imposed following his 1977 aggravated rape convictions in the Twelfth Judicial District Court, Avoyelles Parish. This petition challenges the 1977 convictions.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court. For the following reasons, it is recommended that the petition be

**DISMISSED.**

## STATEMENT OF THE CASE

Petitioner attacked these same convictions in a petition for writ of *habeas corpus* filed in this court on or about April 8, 1991. See <u>Vincent A. Simmons v. Burl Cain, Warden</u>, No. 1:91-cv-1115. [<u>Simmons</u> I] This petition was dismissed with prejudice on the merits on February 12, 1993. [<u>Simmons</u> I, doc. 21] That judgment was affirmed by the Fifth Circuit Court of Appeals on March 23, 1994. [<u>Simmons</u> I, doc. 25]

On September 16, 1996, petitioner sought permission from the Fifth Circuit Court of Appeals to file a second and successive petition for *habeas corpus*. On October 10, 1996 his motion was denied. See <u>In Re: Simmons</u>, No. 96-267 (unpublished).[<u>Simmons</u> II]

## LAW AND ANALYSIS

This petition is subject to the screening provisions set out in 28 U.S.C. § 2244(b)(3)(A) which provides that a second or successive § 2254 *habeas* petition must be certified by a panel of the appropriate court of appeals before it can be heard in the district court. See <u>In re Epps</u>, 127 F.3d 364 (5th Cir.1997); see also <u>In re Tolliver</u>, 97 F.3d 89, 90 (5th Cir.1996) (addressing a similar provision applicable to second or successive motions pursuant to 28 U.S.C. § 2255). In <u>Felker v. Turpin</u>, 518 U.S. 651, 663-64 (1996), the Supreme Court observed that the amendments to § 2244 "simply transfer from the district court to the court of

appeals a screening function which would previously have been performed by the district court as required by ... Rule 9(b)."

In this petition, Simmons claims that he was "...denied his right to a fair trial and his right to due process of law ... when the prosecution withheld extensive exculpatory material from the defense, including (1) the victim's statements to the police immediately following the reporting of the alleged crime, (2) the results of the victim's state-ordered mental examination, and (3) the Avoyelles Parish Sheriff's Office Supplemental Report." [doc. 1-3, p. 9] He also claims that he "...was denied his right to a fair trial and due process of law ... when he was subjected to an unduly suggestive lineup procedure." [id., p. 17] He also claims that he "... was denied his right to effective assistance of counsel ... in that numerous incidents of ineffectiveness[1] led to a manifest absence of counsel." [id., p. 20] Finally, he claims that "... the district court erred in denying ... that Petitioner was indicted by an unconstitutionally appointed Grand Jury in Lafayette Parish ..." [id., p. 33]

---

[1] Petitioner claims that counsel was ineffective because he failed: (1) to quash the indictment on Equal Protection grounds [id., p. 23]; (2) to file any pre-trial motions [id.]; (3) to conduct an investigation [id., p. 25]; (4) to effectively cross-examine the alleged victims [id., p. 26]; (5) to impeach the State's rebuttal witnesses [id.]; (6) to object to the introduction of prejudicial "other crimes" evidence [id., p. 27]; (7) to brief all issues raised on direct appeal [id., p. 29]; (8) to object to the amendment of the indictment and the absence of re-arraignment [id., p. 30]; (9) to file a Motion to Quash based on the unwarranted amendment of the original Bill of Indictment [id., p. 31]; and, (10) to prepare petitioner to testify [id., p. 32]

3

A subsequent petition is second or successive when it "raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition, or otherwise constitutes an abuse of the writ." In re Cain, 137 F.3d 234, 235 (5th Cir.1998)

In the instant petition, petitioner admits that he filed a previous federal *habeas corpus* petition and, that he previously sought and was denied permission to file a second *habeas corpus* petition. [doc. 1-1, p. 13, paragraph 14]. However, he does not explain how his present petition is not second or successive as defined above; nor does he argue that the present claims should be adjudicated because they meet the requirements of §2244(b)(2)(A) or (B).[2]

Unless and until the Fifth Circuit Court of Appeals first grants petitioner leave to file the present petition, this court lacks jurisdiction to consider it. Hooker v. Sivley, 187 F.3d 680, 682 (5th Cir.1999); United States v. Key, 205 F.3d 773, 774

---

[2] Section 2244(b)(2) provides: A claim presented in a second or successive *habeas corpus* application under section 2254 that was not presented in a prior application shall be dismissed unless -

(A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
(B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
(ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

4

(5th Cir.2000).

In *In Re Epps*, 127 F.3d 364 (5th Cir. 1997), the Fifth Circuit adopted a specific procedure to be employed when a successive petition is first filed in a district court by a *pro se* litigant. *Epps* implies that the transfer of successive *habeas corpus* petitions to the Fifth Circuit for consideration under §2244 is proper. However, in this case, petitioner is represented by counsel who has implicitly acknowledged the successive nature of the proceeding. [see doc. 1-1, p. 13, paragraph 14]

Therefore, the undersigned concludes that this petition should be dismissed.

**IT IS RECOMMENDED** that petitioner's second and successive Application for Writ of *Habeas Corpus* be **DISMISSED** because petitioner has not first obtained the permission of the United States Fifth Circuit Court of Appeals as required by the provisions of 28 U.S.C. §2244(b)(3).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual**

findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See,* <u>Douglass v. United Services Automobile Association</u>, 79 F.3d 1415 (5th Cir. 1996).

Thus done and signed, in chambers, Alexandria, Louisiana, this 19th day of April, 2006.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE