

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| VINCENT SIMMONS,<br>　　Petitioner | CIVIL ACTION<br>SECTION "P"<br>NO. CV06-0463-A |
| VERSUS | |
| BURL CAIN, WARDEN,<br>　　Respondent | JUDGE DEE D. DRELL<br>MAGISTRATE JUDGE JAMES D. KIRK |

## SUPPLEMENTAL REPORT AND RECOMMENDATION

In the original Report and Recommendation, the undersigned recommended dismissal of Simmons' fourth habeas petition,[1] filed pursuant to 28 U.S.C. § 2254, for failure to obtain certification by the Fifth Circuit Court of Appeals pursuant to 28 U.S.C. § 2244(b)(3)(A), which states:

> (3)(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

Simmons argues in his objection to the Report and Recommendation that, since his latest habeas petition is based on newly discovered evidence, his petition is not considered "second or successive" under the definition set forth in In re Cain, 137 F.3d 234 (5th Cir.

---

[1] Simmons' prior habeas petitions were numbered on the docket of this court as No. 1:91-CV-1115, Docket No. 1:94-CV-1064, and No. 5:96-mc-0045. Case No. 1:94-CV-1064 was treated as setting forth claims under both 42 U.S.C. § 1983 and 28 U.S.C. § 2254. The docket sheet for No. 1:96-mc-0045 indicates the petition was barred.

1998). Therefore, Simmons argues he does not need to obtain authorization from the Fifth Circuit Court of Appeals to file his current habeas petition.

First, it is noted that Simmons' current habeas petition is his fourth petition; his first petition (Case No. 91-CV-1115) was dismissed "with prejudice." See Barrientes v. Johnson, 221 F.3d 741 (5th Cir. 2000), writ den., 531 U.S. 1134, 121 S.Ct. 902 (2001).

Moreover, Section 2244(b)(2) states: "A claim presented in a second or successive habeas corpus application under Section 2254 that was not presented in a prior application shall be dismissed unless- (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of diligence; and (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense." Section 2244 (b)(3)(A) then qualifies (b)(2) by adding, "Before a second or successive application permitted by this section is filed in the district court, the applicant *shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.*" (Emphasis added.) The requirement that the petitioner obtain authorization from the appellate court prior to filing in the district court is reinforced in (b)(4), which states, "(4) A

district court shall dismiss any claim presented in a second or successive application *that the court of appeals has authorized to be filed* unless the applicant shows that the claim satisfies the requirements of this section." Thus, *after* the Court of Appeal authorizes the petitioner to file his petition in the district court, the district court may then consider whether the petition is second or successive and, if so, whether it meets an exception to the procedural bar to consideration of the merits as set forth in Section 2244(b)(2).

AEDPA[2] permits the filing of a successive petition when either "the applicant shows that the claim relies on a new rule of constitutional law ...," § 2244(b)(2)(A), or when "the factual predicate for the claim could not have been discovered previously through the exercise of due diligence" and the petitioner establishes prejudice in the absence of successive review, § 2244(b)(2)(B). Thus, congressional language distinguishes between the two paths by which a successive petition may be raised. Johnson v. Dretke, 442 F.3d 901, 907-908 (5th Cir. 2006) (court of appeals denied permission to file successive petition based on newly discovered evidence). The Fifth Circuit may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of 2244(b). 28 U.S.C. §

---

[2] Antiterrorism and Effect Death Penalty Act.

3

2244(b)(3)(C).

To present a claim in a second or successive application, the petitioner must show the application is based on: (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found him guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court. 28 U.S.C. § 2244(b)(2). Before Petitioner files his application in the district court, a three-judge panel of the Fifth Circuit must determine whether the application makes the requisite prima facie showing. 28 U.S.C. § 2244(b)(3)(A) and (B).

Simmons admits he has not moved for or obtained, from the Fifth Circuit Court of Appeals, an order authorizing this court to consider his second habeas petition. Instead, Simmons argues this court has jurisdiction to consider his second habeas petition because it is based on newly discovered evidence, and therefore is excepted from the authorization requirement of Section 2244 by the Fifth Circuit's holding in In re Cain, 137 F.3d 234 (5th Cir. 1998). However, as explained above, when a petition is second or successive, the petitioner must seek an order from the Fifth Circuit Court of Appeals authorizing the district court to consider the petition. 28 U.S.C. § 2244(b)(3)(A). Even in In re Cain, the petitioner initially sought authorization from the court of appeal

4

for the district court to consider his petition.

The Fifth Circuit has not issued an order authorizing the district court to consider Simmons' second petition for habeas relief.[3] The determinations of whether or not the petition is

---

[3] The courts look to pre-AEDPA abuse of the writ principles in determining whether a habeas petition is successive. Under the abuse-of-the-writ doctrine, a subsequent petition is second or successive when it raises a claim that was, or could have been, raised in an earlier petition. In accordance with the Fifth Circuit's strong policy against "piecemealing" claims, that court has long held that under an abuse of the writ standard, the sole fact that the new claims were unexhausted when the earlier federal writ was prosecuted will not excuse their omission. Crone, 324 F.3d at 837, and cases cited therein. A prisoner's application is not second or successive simply because it follows an earlier federal petition. In re Cain, 137 F.3d 234, 235 (5th Cir. 1998). Although AEDPA does not set forth what constitutes a "second or successive" application, the Fifth Circuit has held that a later petition is successive when it: 1) raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition; or 2) otherwise constitutes an abuse of the writ. Crone v. Cockrell, 324 F.3d 833, 836-837 (5th Cir. 2003), citing In re Cain. Thus, under the abuse-of-the-writ doctrine, a subsequent petition is second or successive when it raises a claim that was, or could have been, raised in an earlier petition. In accordance with the Fifth Circuit's strong policy against "piecemealing" claims, that court has long held that under an abuse of the writ standard, the sole fact that the new claims were unexhausted when the earlier federal writ was prosecuted will not excuse their omission. Crone, 324 F.3d at 837, and cases cited therein.
  The court held in In re Cain that a state prisoner was not required to file motions in the Court of Appeals to file successive habeas corpus petitions because the petitions were not actually successive. The Fifth Circuit's decision in Cain turned on the fact that, in the second petition, Cain was contesting the administration of his sentence, and the fact that he was stripped of his good-time credits *after* he had filed his first habeas petition. See Crone, 324 F.3d 833, 837 (5th Cir. 2003)(explaining Cain).
  In Crone, 324 F.3d at 838, the Fifth Circuit found the habeas petition was successive and an abuse of the writ because Crone was aware of the facts supporting the claims raised in his

successive pursuant to In re Cain and, if so, whether it meets a Section 2244 exception, cannot be made by this court until the Fifth Circuit authorizes this court to consider the petition.

Accordingly, it is recommended that Simmons' case be dismissed without prejudice, and that the Clerk of Court be directed to notify Simmons that a motion for authorization to his file his petition must be filed with the Court of Appeal. See In re Epps, 127 F.3d 364, 365 (5th Cir. 1997) (district court must also direct the Clerk of Court's office to notify the petitioner/movant that a motion for authorization must be filed with the court of appeal).

## Conclusion

Based on the foregoing discussion, IT IS RECOMMENDED that Simmons' petition be DISMISSED WITHOUT PREJUDICE for failure to obtain authorization from the Fifth Circuit prior to filing it in this court.

The Clerk of Court should be DIRECTED TO NOTIFY SIMMONS that a motion for authorization to file his petition must be filed with the Fifth Circuit Court of Appeal in accordance with the procedures set forth in 28 U.S.C. § 2244(b).

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have **ten (10) business days** from service of this Report and Recommendation to file specific, written

---

second petition at the time his first petition was pending. See also, In re Bagwell, 401 F.3d 312 (5th Cir. 2005).

objections with the Clerk of Court. A party may respond to another party's objections within **ten (10) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the district judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Alexandria, Louisiana, on this 19th day of May, 2006.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE